IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL TABRON JR | Civil Action No. 02-2695 |
| Plaintiff, | Jury Trial Demanded |
| RADIO SHACK,<br>JOHN V. ROACH,<br>GEORGE KUNNEY<br>AND DARRYL J. FERRARA | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants RadioShack Corporation (incorrectly denominated in Plaintiff's Complaint as "Radio Shack"), John V. Roach, George Kuney, (incorrectly denominated in Plaintiff's Complaint as "George Kunney"), and Darryl J. Ferrara, by and through their attorneys, responds to the allegations of Plaintiff's Complaint as follows:

**UNNUMBERED PREAMBLE**

Admitted in part; denied in part. It is admitted that plaintiff contends that he has causes of action under the various legal theories set forth in the Preamble of his Complaint. Any remaining allegations contained in the Preamble are denied, specifically it is denied that any conduct sustaining such causes of action occurred.

**ALLEGATIONS**

1. Admitted in part; denied in part. It is admitted that plaintiff is an African-American male and was employed as a sales associate of RadioShack from January 2000 until _____. RadioShack is without knowledge or information sufficient to form a belief as to plaintiff's age, his place of residence or his current occupation. The remaining allegations

contained in Paragraph 1 are denied.

2. Admitted in part; denied in part. It is admitted that RadioShack is a for-profit corporation incorporated in the State of Delaware and doing business in Pennsylvania. It is also admitted that Defendant's principal office is located at 100 Throckmorton Street, Suite 1800, Fort Worth, Texas, 76102 and that its agent for service in the State of Pennsylvania is CT Corporation System, having a place of business as alleged in plaintiff's Complaint. The remaining allegations contained in Paragraph 2 are denied.

3. Denied.

4. Admitted in part; denied in part. It is admitted that defendant George Kuney was/is the manager of a RadioShack retail store located in the Cheltenham Center in Cheltenham Pennsylvania. It is also admitted that plaintiff's suit against defendant Kuney purports to be against him as an individual and in his capacity as manager. The remaining allegations contained in Paragraph 4 are denied.

5. Admitted in part; denied in part. It is admitted that defendant Darryly Ferrara was/is the manager of a RadioShack retail store located at the Gallery Mall in Philadelphia and that plaintiff's suit against defendant Ferrara purports to be against him as an individual and in his capacity as manager. The remaining allegations contained in Paragraph 5 are denied.

6. Admitted in part; denied in part. It is admitted that defendant George Kuney is a white male and that he was the manager of the Cheltenham Mall Store in December 2000. It is also admitted that plaintiff reported an incident in which he claims he suffered injuries due to being struck by defendant Kuney in December 2000. The remaining allegations contained in Paragraph 6 are denied.

7. Admitted in part; denied in part.  It is admitted that defendant Ferrara is a white male and that he was the manager of the Gallery Mall Store in August 2001.  The remaining allegations contained in Paragraph 7 are denied.

8. Admitted in part; denied in part.  It is admitted that upon receipt of defendant's claim of physical injury, RadioShack submitted the claim to its worker's compensation carrier.  It is also admitted that defendant's attorney requested that defendant RadioShack not file the claim with its worker's compensation carrier.  RadioShack is without knowledge or information sufficient to form a belief as to the remaining claims made in Paragraph 8.

9. Denied.

WHEREFORE, Defendant RadioShack Corporation John V. Roach, George Kuney and Darryl J. Ferrara, demand dismissal of Plaintiff's Complaint with prejudice, together with reasonable attorneys' fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the damages requested by plaintiff are not recoverable as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the doctrine of latches, waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable for plaintiff's claims because plaintiff suffered no tangible job detriment, defendant used reasonable care to prevent and correct promptly any alleged discrimination and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to otherwise avoid harm.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because defendant took prompt, effective remedial action.

## NINTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the Pennsylvania Workmen's Compensation Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages are vague and subjective and are therefore unconstitutional.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's answer and defenses is based on currently available information. Defendant reserves the right to revise, amend and/or supplement its answer and defenses during the course of this litigation.

WHEREFORE, Defendant RadioShack Corporation demands dismissal of Plaintiff's Complaint, with prejudice, together with reasonable attorneys' fees and costs.

                                       ARCHER & GREINER, P.C.
                                       Suite 1620
                                       One South Broad Street
                                       Philadelphia, PA  19107
                                       (215) 568-4166

                             By:_____
                                     Neal L. Schonhaut, Esquire
                                     David A. Rapuano, Esquire

DATED: June 4, 2002

## CERTIFICATE OF SERVICE

I, David A. Rapuano, Esquire, hereby certify that on June 4, 2002, I caused to be served a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Complaint on the counsel listed below, via United States first-class mail, postage prepaid:

>Windell E. Cooper Porter, Esquire
>1219 West Main Street
>Norristwon, PA  19401


                                        DAVID A. RAPUANO

1064162-1