IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL L. TABRON, JR.<br><br>        Plaintiff<br>v.<br><br>RADIOSHACK, JOHN V. ROACH,<br>GEORGE KUNNEY AND<br>DARRYL J. FERRARA<br><br>        Defendant. | No.: 02-CV-2695<br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT GEORGE KUNEY, INCORRECTLY
DESIGNATED AS GEORGE KUNNEY, TO PLAINTIFF'S COMPLAINT**

Defendant, George Kuney, incorrectly designated as George Kunney, through his counsel, Daniel C. Moraglia, Esquire, and in answer to the allegations set forth in Plaintiff's Complaint states and avers the following:

The statements contained in the unnumbered first paragraph are conclusions of law to which no response is required. By way of further answer, it appears that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e, et seq., for discrimination, and alleges a cause of action pursuant to 42 U.S.C. §1981, §1983 and §1985 "based upon discrimination as to race, color, national origin, and sex." It is denied that any cause of action exists for alleged violations of 42 U.S.C. §1981, §1983 and §1985 as there is no allegation of action under color of state law. It is denied that "violations" occurred to the rights guaranteed by the 14th Amendment to the United States Constitution. To the extent plaintiff seeks to allege tort claims for assault and battery, intentional infliction of emotional harm, outrageous and abusive conduct, harassment, wrongful and constructive termination, breach of oral and implied contract and violation of 42 U.S.C. §1981, §1983, and §1985, answering defendant denies that

plaintiff has properly pled any state law, tort claims, or constitutional claims and denies that he is entitled to any relief whatsoever under any of his theories of liability.

1. Denied as stated. Answering defendant admits that plaintiff was employed by RadioShack starting from January 2000. Answering defendant denies that he engaged in any wrongful actions or caused any constructive termination and denies that Plaintiff is entitled to any relief whatsoever. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining portions of this paragraph.

2. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 2, except that answering defendant admits that he was employed by RadioShack as a manger and that all actions were in his capacity as manager of RadioShack.

3. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 3, except that it is denied that answering defendant engaged in any violation of law with respect to the plaintiff.

4. Denied as stated. Answering defendant, George Kuney, incorrectly designated as George Kunney, admits that he is a manger of RadioShack located in the Cheltenham Mall in Pennsylvania. The remaining averments are conclusions of law to which no responsive pleading is required. To the extent a response is deemed to be required, it is Denied. By way of further Answer, answering defendant specifically denies any wrongful actions or discrimination against plaintiff.

5. The averments in this paragraph are directed to parties other than answering defendant, to which no response is required by answering defendant. To the extent a response is deemed to be required, its is Denied.

6. Denied as stated. It is admitted that in December 2000, plaintiff was working at the

RadioShack at in Cheltenham, Pennsylvania. Answering defendant is a white mail, and was the manager of the store at that time. It is admitted that answering defendant made a remark to plaintiff about ordering a "honky and nigger milkshake." However, the remark was made in the context of comments by the workers inside the McDonald's using such language, and was made to point out how <u>inappropriate</u> it would be to order a milkshake in that fashion. Answering defendant believed that plaintiff understood the remark in the context in which it was said and plaintiff never advised of any offense taken with respect to the comment. Answering defendant denies that he ever said that blacks were ignorant niggers or made any other inappropriate remarks. It is denied that on December 23, 2000, answering defendant punched plaintiff in the chest. It is admitted, however, that on that date, answering defendant, with his back turned to plaintiff, swung his arm around and accidentally hit plaintiff in the chest. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding plaintiff's feelings and alleged injuries and treatment and therefore denies same. Answering defendant denies that he spared and wrestled with plaintiff, however answering defendant admits that he did joke around with employees, and denies that plaintiff never laughed at his jokes. It is further denied that answering defendant has an explosive temper and manner. It is denied that any action was taken against plaintiff. It is admitted that plaintiff transferred to a different RadioShack but that was to accommodate plaintiff's request to not work nights or weekends and had absolutely nothing to do with any the allegations raised in his complaint.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 and the averments are therefore denied. By way of further answer, answering defendant denies any conspiracy to make plaintiff resign his position or that any actions were discriminatory, intentional and outrageous.

8.	Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8.  The averments are therefore denied.

9.	Denied.  It is denied that plaintiff was treated any differently because of his race, color, origin or sex.

Wherefore, answering defendant demands judgment in his favor, and against plaintiff, together with costs of suit, attorney fees, and all further relief that this court deems just and appropriate.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has failed to establish a claim under 42 U.S.C, §1981, §1983, or §1985.

### Third Affirmative Defense

Plaintiff has failed to establish a prima facie case of discrimination based on sex (male), or retaliation.

### Fourth Affirmative Defense

Plaintiff has failed to establish a claim for any violation of the 14th Amendment or the Civil Rights Act of 1866, 1871, and 1964.

### Fifth Affirmative Defense

Plaintiff failed to comply with the administrative prerequisites to suit.

### Sixth Affirmative Defense

Plaintiff failed to exhaust available administrative and/or contractual remedies.

### Seventh Affirmative Defense

Title VII bars any and all claims for which a timely charge with the Equal Employment Opportunity Commission or Pennsylvania Human Relations Commission has not been filed.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations, and the doctrines of laches, waiver and/or estoppel.

### Ninth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Tenth Affirmative Defense

Plaintiff's claims are barred by Arbitration and award.

### Eleventh Affirmative Defense

Plaintiff is not entitled to a jury trial with respect to any state law claims.

### Twelfth Affirmative Defense

Plaintiff's Complaint is barred by the exclusivity provisions of the Pennsylvania Worker's Compensation Act.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to an award of punitive damages.

### Fourteenth Affirmative Defense

Plaintiff has failed to take advantage of preventive or corrective measures offered by his employer.

### Fifteenth Affirmative Defense

Plaintiff's cause of action is barred, in whole or in part, by plaintiff's own actions.

### Sixteenth Affirmative Defense

Answering defendant has at all times acted in good faith and has not violated any rights that may be available to plaintiff under any applicable law, rule, or regulation.

        Respectfully submitted,

_____
Daniel C. Moraglia, (Pa. I.D. No. 69975)
Bennett, Bricklin & Saltzburg LLP
1601 Market Street, 16th Floor
Philadelphia, PA  19103-2395
(215) 665-3366
Attorneys for Defendant
George Kuney

DATED:  June 20, 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EARL L. TABRON, JR.

               Plaintiff

v.                                           No.: 02-CV-2695

RADIOSHACK, JOHN V. ROACH,
GEORGE KUNNEY AND
DARRYL J. FERRARA

               Defendant.

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing Answer of Defendant George Kuney, incorrectly designated as George Kunney, has been served upon the following individual, via first-class mail, postage prepaid, this 20th day of June 2002:

                Windell E. Cooper Porter, Esquire
                1219 W. Main St.
                Norristown, PA 19401
                Attorney for Plainitff

                David A. Rapuano, Esquire
                Archer & Greiner, P.C.
                One South Broad Street, Suite 1620
                Philadelphia, PA 19107
                Attorney for RadioShack and John V. Roach

                                                  _____

                                                  DANIEL C. MORAGLIA, ESQUIRE